In the Matter of the INTERNATIONAL INSURANCE COMPANY.

REUBEN W. ROPES *v.* INTERNATIONAL INSURANCE COMPANY.

ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant; KEITH BROS. CO., INC., Respondent.

First Department, June 2, 1922.

Corporations — receivers — appointment of substitute receiver of corporation not proper remedy of creditor to obtain payment of claim where there are no funds in any trust company or bank, and only funds are in hands of chamberlain of city of New York or of State Treasurer, being money paid over by former receiver — creditor should apply for order requiring official having control of funds to pay claim.

The appointment of a substitute receiver of an insurance corporation is not the proper remedy for a creditor of the corporation to pursue in order to obtain the payment of its claim, where it appears that the corporation has no funds in the hands of any trust company or bank and the only funds applicable to the payment of the claim are in the hands of either the chamberlain of the city of New York or of the State Treasurer, which funds had been, in the first instance, paid to said chamberlain by a former receiver under order of the court. The creditor should apply for an order requiring the official, in whose hands it claims the fund is, to pay its claim.

APPEAL by the Attorney-General of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1921, granting the motion of the petitioner, Keith Bros. Co., Inc., a creditor herein, for the appointment of a receiver of the International Insurance Company in place and stead of George P. Slade, the former receiver, and appointing Harry K. Davis as such receiver, and requiring all banks or trust com-

panies having assets or funds in their possession or control to the credit of this proceeding or of said company or of its receiver to deliver the same forthwith to the receiver appointed by the order, and appointing a referee to take proof and advise the court with respect to the names and addresses of policyholders, creditors and stockholders entitled to share in the distribution of the aforesaid assets and in what priority and proportion.

*Charles D. Newton, Attorney-General* [*Charles P. Robinson, Deputy Attorney-General,* of counsel], for the appellant.

*A. Frank Cowen,* for the respondent.

LAUGHLIN, J.:

The petition upon which the order was granted shows that by an order made in the above-entitled action on the 12th of November, 1872, and in the above-entitled proceeding on the 19th day of November, 1872, Jarvis Slade was appointed receiver of the property of the corporation pending steps for its dissolution; that during said receivership eighty per cent of the claims of creditors were paid and the receiver's accounts were passed and he was credited with his fees and expenses and thereafter he presented to the court a petition requesting that he be permitted to resign, owing to ill health, and that another receiver be appointed in his place, and thereupon his son George P. Slade was so appointed by an order made on the 3d of May, 1877, under which the first receiver accounted and turned over the property in his hands to his successor; that a few months thereafter the substituted receiver filed his account, which was passed upon by a referee, and after the payment of counsel fees, receiver's fees and other expenses, it appeared that the assets which amounted to $17,366.19 when his predecessor's accounts were passed in April, 1876, had been reduced to about $5,500, and the petition charged that the difference between these amounts had been dissipated by the failure of the first receiver properly to effect his discharge following the settlement of his accounts in April, 1876; that instead of declaring a dividend in favor of the creditors and so distributing the said balance of $5,500, the balance then in the hands of the receiver, aggregating $5,553.41, was by order of the court made without notice to the creditors, deposited with the chamberlain of the city of New York on the 29th of December, 1877. The petitioner shows that there is a balance of $50.40 owing on its claim and leaves it to be inferred that said amount is still held by the chamberlain pursuant to said order, and it asks that a receiver be appointed to take over and distribute the funds of the company to the end that the individual creditors may be saved the expense incident to an application to

have their shares thereof determined. The order was made on the petition and upon all of the papers and the proceedings herein; and the record contains, following the petition, the petition ôf the first receiver for the final settlement of his account, the order appointing the substituted receiver, the report of the referee passing the accounts of the first receiver, and the order confirming the report, the report of the referee on the settlement of the accounts of the substituted receiver, the order confirming the same, the petition for the discharge of the substituted receiver, showing that he had deposited said amount with the chamberlain pursuant to the order of the court, and the order discharging him. An affidavit made by the Deputy Attorney-General in opposition to the motion shows the account of the chamberlain with respect to said fund so deposited with him and that the balance now claimed to be owing to the petitioner was paid on the 21st of November, 1878, and that various other creditors pursuant to orders of the court were paid, and that a balance of $3,986.04 remaining in the hands of the chamberlain on the 10th of November, 1910, was paid into the State treasury by the chamberlain on the 12th of November, 1910. That affidavit further shows that the moneys were so deposited with the chamberlain subject to the further order of the court, and that the fund was sufficient to pay in full the unpaid claims of the creditors of the company, and that those claims were set forth in the statement annexed to the report of the referee on the settlement of the accounts of the substituted receiver, and that the effect of the order was to deposit the money to the credit of the several creditors, and that from time to time the chamberlain, pursuant to orders of the court made on their application, paid the claims so far as applications for such payments were made, and that notice of the applications were given to the Attorney-General and are on file in his office, and among others, is a notice of an application made by the petitioner on December 9, 1899, for the payment of said balance of $50.40 owing to it. Presumably the chamberlain so paid over the balance in his hands to the State Treasurer pursuant to a statute or an order of the court; but no statute or order is referred to or set forth. Doubtless it was pursuant to section 44 of the State Finance Law and section 751 of the Code of Civil Procedure, now section 137 of the Civil Practice Act. It is not claimed, however, that the fund applicable to the payment of the petitioner's claim was paid into the State Treasury. The only claim in that regard made by the appellant is that it was paid by the chamberlain; and the only evidence of that is the petitioner's notice of application for an order for such payment on the 9th day of December, 1899, and the chamberlain's account, crediting him

with the payment thereof on the 21st of November, 1878.    There is no evidence that the company has any funds in the hands of a trust company or bank.

It is manifest that the petitioner has mistaken its remedy.    If the balance of its claim has not been paid, its remedy, if it claims that the fund is still in the hands of the chamberlain, is an application for an order requiring the chamberlain to pay it over; and if it claims that the fund has been deposited with the State Treasurer, then its remedy is an application to the court for an order requiring that official to pay it.    Therefore, on no views of the facts was the petitioner entitled to the order from which the Attorney-General appeals.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.